1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ASSURANCE CO. OF AMERICA, et al., | 2:13-CV-821 JCM (PAL) |
| Plaintiffs, | |
| v. | |
| NATIONAL FIRE & MARINE INS. CO., | |
| Defendant. | |

**ORDER**

　　Presently before the court is defendant National Fire & Marine Insurance Company's motion to dismiss. (Doc. # 5). Defendant also filed a motion to sever plaintiff's complaint. (Doc. # 8). Plaintiffs Assurance Company of America, et al. responded to both motions. (Doc. # 12). Defendant replied. (Docs. # 15 & 16).

　　Also before the court is plaintiffs' counter-motion to remand. (Doc. # 13). Defendant responded. (Doc. # 17). Plaintiffs replied. (Doc. # 21).

**I.    Background**

　　This case arises from commercial liability policies defendant National Fire & Marine Insurance Company issued to 50 different insureds. These insureds are or have been involved in 92 separate construction defect lawsuits or Chapter 40 proceedings (the "underlying matters") in three different states resulting in a total of 100 different insurance claims. Plaintiffs are also insurance

**James C. Mahan**
**U.S. District Judge**

1   companies that insured the insureds.[1]

2       Plaintiffs allege that defendant wrongfully denied coverage in each underlying matter based
3   on faulty interpretation of contract language and insurance law. Plaintiffs also allege that because
4   defendant disclaimed coverage, they have incurred costs in excess of their equitable share in
5   defending and settling the underlying matters.

6       This case is similar to *Assurance Co. of Am. v. Nat. Fire & Marine Ins., Co.*, 2:09-cv-01182-
7   JCM-PAL ("*Assurance I*"), *Assurance Co. of Am. v. Nat. Fire & Marine Ins., Co.*, 2:10-cv-02182-
8   APG-GWF ("*Assurance II*"), *Maryland Casualty Co. v. Nat. Fire & Marine Ins., Co.*, 2:11-cv-
9   01671-APG-NJK ("*Maryland*"); and *Northern Ins. Co. of New York v. Nat. Fire & Marine Ins., Co.*,
10  11-cv-01672-PMP-GWF ("*Northern*") (collectively, the "related actions"). In all, these suits involve
11  over 300 underlying claims. *Assurance I* was previously before this court and went to trial and is
12  now pending before the Ninth Circuit, case no. 12-16175. In *Assurance II*, the court dismissed all
13  but the first named plaintiff and two of the severed plaintiffs brought new actions in *Maryland* and
14  *Northern*.[2]

15      Here, plaintiffs filed suit in state court on March 27, 2013, and defendant subsequently
16  removed to this court on May 9, 2012, based on diversity jurisdiction. (Doc. # 1). Plaintiffs' 292-
17  page complaint asserts 300 causes of action for declaratory relief, contribution, and indemnity
18  relating to 100 separate insurance coverage disputes.

19      Defendant moves to dismiss or sever the case and plaintiffs move to remand the case to state
20  court. The court first addresses the jurisdictional issue raised by plaintiff and then looks at
21  permissive joinder under Fed. R. Civ. P. 20 and adequate pleading under Fed. R. Civ. P. 8 and
22  12(b)(6).

23  . . .

24

25      [1] The five plaintiff insurance companies are as follows: Assurance Company of America ("Assurance");
    Maryland Casualty Company ("Maryland"); Northern Insurance Company of New York ("Northern"); Steadfast
26  Insurance Company ("Steadfast"); and Zurich American Insurance Company ("Zurich American"). (Doc. # 1, Ex. 1).

27      [2] The court notes that these same issues were before the court in *Assurance Co. of Am. v. Nat'l Fire & Marine
    Ins. Co.* ("*Assurance II*"), 2:10-CV-02182-RLH, 2011 WL 2470504 (D. Nev. June 17, 2011), and find *Assurance II*
28  persuasive here.

James C. Mahan
U.S. District Judge

- 2 -

1

**II.      Motion to remand (doc. # 13)**

2      Plaintiffs do not dispute that defendant properly removed this case pursuant to this court's

3   diversity jurisdiction. *See* 18 U.S.C. § 1332. In their motion, plaintiffs argue that the court has

4   discretion to exercise jurisdiction over declaratory relief actions with interrelated contribution claims.

5   Plaintiffs argue that the factors outlined in *Allstate Ins. Co. v. Herron*, 634 F.3d 1101 (9th Cir. 2011),

6   weigh in favor of this court remanding this case to state court, or at the very least, are neutral. *See*

7   *id.* at 1107.

8      Defendant responds that plaintiffs' amended complaint seeks monetary damages and alleges

9   contribution and indemnity causes of action in addition to its claims for declaratory relief. Defendant

10   argues that where "other claims are joined with an action for declaratory relief (*e.g.*, bad faith, breach

11   of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court

12   should not, as a general rule, remand or decline to entertain the claim for declaratory relief." *Gov't*

13   *Employees Ins. Co. v. Dizol*, 133 F.3d 1220,1225 (9th Cir. 1998).

14      The court finds that it does not have discretion to exercise subject matter jurisdiction over

15   this case. Plaintiffs' separate causes of action for contribution and indemnity "provide an

16   independent basis for federal diversity jurisdiction, the [court] is without discretion to remand or

17   decline to entertain" them. *Dizol*, 133 F.3d at 1225-26 n.6; *see also Assurance Co. of Am. v. Nat'l*

18   *Fire & Marine Ins. Co.* ("*Assurance II*"), 2:10-CV-02182-RLH, 2011 WL 2470504, at *2 (D. Nev.

19   June 17, 2011).

20      While these causes of action are related to plaintiff's claims for declaratory relief, they are

21   not "entirely dependent on and derivative of the Declaratory Relief requested" (doc. # 21, 2 n.1), as

22   plaintiffs argue. Instead, causes of action for contribution and indemnity can be brought without the

23   declaratory relief claims. *See United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1114 (9th

24   Cir. 2001) (holding that "[s]atisfaction of equitable rights for monetary relief has not historically

25   been predicated on favorable disposition of a claim for declaratory judgment.").

26      Even if this court did have discretion, upon considering the factors in *Brillhart v. Excess Ins.*

27   *Co. of America*, 316 U.S. 491 (1942), the court declines to exercise its discretion to remand this case.

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

The Ninth Circuit has set forth a non-exhaustive list of three factors (the *Brillhart* factors) that the court should principally consider: (1) whether the exercise of jurisdiction would require the "needless determination of state law issues;" (2) whether the exercise of jurisdiction would encourage forum shopping; and (3) the general preference to "avoid duplicative litigation." *Huth v. Hartford Ins. Co. of the West*, 298 F.3d 800, 803 (9th Cir. 2002) (citations omitted). The court considers these factors.

### (1)     Needless determination of state law issues

Certainly this court will consider state law in resolving the issues presented in this litigation; however, this does not require this court to decline to exercise jurisdiction over this case. This case implicates state law of three different states (Nevada, California, and Arizona) in the underlying matters. As such, Nevada state court does not have a particular interest in resolving this case. Therefore, at most, this factor weighs only slightly in favor of remand.

### (2)     Forum shopping

Plaintiffs argue that defendant's removal of this action to federal court is indicative of the party's intent to forum shop. However, it is plaintiffs who have filed a similar action in federal court in the first instance, *see Assurance I*, and had an unfavorable result and now seek to litigate this issue in state court. If any party appears to be shopping for a favorable forum, it is plaintiffs–not defendant. This factor weights in favor of exercising subject matter jurisdiction.

### (3)     Duplicative litigation

Plaintiffs do not dispute that there is no duplicative litigation. Instead, all related actions are pending in federal court in this district. Therefore, this factor weighs strongly in favor of maintaining jurisdiction over this case.

Accordingly, even if the court had discretion as to whether to exercise jurisdiction over this matter, the court declines to remand this case based on the factors outlined in *Brillhart*.

## III.     Motion to Sever (doc. # 8)

As the court's determination as to whether severance is appropriate implicates whether the amended complaint should be dismissed, the court addresses the severance issue first.

James C. Mahan
U.S. District Judge

- 4 -

### A.    Legal standard

Fed. R. Civ. P. 20(a) states that, in order for more than one plaintiff to join together in an action, the "plaintiffs must meet two specific requirements: (1) the right to relief asserted by each plaintiff must arise out of or relate to the same transaction or occurrence or series of transactions or occurrences; and (2) a question of law or fact common to all parties must arise in the action." "If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (citing FED. R. CIV. P. 21). If the district court chooses to sever the case, it may do so by dismissing "all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs." *Id.*

### B.    Discussion

Plaintiffs do not meet the requirements for permissive joinder under Rule 20. Plaintiffs argue that the court should not sever this action as the various claims are related. Plaintiffs contend they meet the first permissive joinder requirement because the relief sought in their amended complaint is all based on the same series of transactions. In so arguing, plaintiffs contend that defendant's practice of disclaiming coverage based on a particular provision in its insurance policies is a single series of transactions.

However, the denials are based on different facts: different damage to different buildings or other construction projects at different times and in different places. These separate and distinct denials of insurance coverage, therefore, do not become a single series of transactions merely because they are based on the same policy provision. *Lynch v. Am. Family Mut. Ins. Co.*, 2010 WL 4024891, at *1-2, No. 2:10-cv-00962-RLH-RJJ (D. Nev. Oct 12, 2010) ("The mere use of standard policies in handling insurance claims is insufficient to make different legal claims transactionally related."). Entirely separate, though similar, events do not constitute a series of transactions or occurrences. Therefore, where, as here, "the factual scenario behind each plaintiff's claim" is different, severance of the misjoined plaintiffs is proper. *Lynch*, 2010 WL 4024891, at *2; *see also Assurance II*, 2011 WL 2470504, at *2.

James C. Mahan
U.S. District Judge

- 5 -

1    Plaintiffs also claim that they meet the second requirement because the same legal analysis

2 applies to each claim, namely a determination on defendant's duty to defend. The court need not

3 address this issue, however, as plaintiffs must meet both requirements of Rule 20(a) to properly join.

4    Further, Rule 20 should be construed in light of its purpose "to promote trial

5 convenience and expedite the final determination of disputes, thereby preventing multiple

6 lawsuits." 7 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1652 at

7 395 (3d ed. 2001). Here, though joinder may technically prevent multiple lawsuits, joining these

8 cases would not promote trial convenience or efficiency. In fact, joinder would make this case nearly

9 unmanageable as demonstrated by this court's experience with *Assurance I*.

10    During a summary judgment hearing in *Assurance I* (at which the court addressed motions

11 on 28 underlying claims) the court remarked that "[t]here was a total I think of nine binders of

12 documents, nice and thick, but we never did stack them up, but there must have been four feet of

13 documents to review for this." (*Assurance I*, 2:09-cv-01182, hearing transcript, doc. # 110, 2:24-3:3).

14 In denying plaintiffs' motion for partial summary judgment on 27 claims, this court emphasized that

15 the volume or material and plaintiffs' presentation of the 27 claims was "difficult to follow" and

16 "just too hard to sort through." (*Id.* at 4:20-5:11). In the case at bar, there are more than *three times*

17 the number of claims at issue. Thus, the unmanageability previously experienced in *Assurance I* will

18 be compounded if this case is allowed to proceed as structured.

19    Since joinder of the plaintiffs is improper, the court severs the case under Fed. R. Civ. P. 21.

20 Rule 21 allows the court to add or drop parties at anytime on just terms. Here, the court severs each

21 plaintiff from this case save the first named plaintiff, Assurance, and dismisses them without

22 prejudice to reassert their separate claims.[3]

23 . . .

24

25    [3] This result should seem similar as this is the same determination the court in *Assurance II* arrived at. While

26 plaintiffs argues that the court's ruling in *Assurance II* "has not had the desired effect as substantial manageability issues remain" (doc. # 12, 3:1); this argument fails to appreciate the difficulties this court faced in *Assurance I*. Further, the fact

27 that the parties in *Assurance II* have failed to agree to a case-management protocol does not lead to the conclusion that had the case not been severed these issues would not exist. In fact, it seems logical to conclude that the manageability

28 issues would be compounded had some claims not been severed.

**James C. Mahan**
**U.S. District Judge**

- 6 -

1    **IV.     Motion to dismiss (doc. # 5)**

2            **A.     Legal standard**

3            A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

4    be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain

5    statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell*

6    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual

7    allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

8    of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).  "Factual

9    allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus,

10   to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim

11   to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

12           In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

13   considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations

14   in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.

15   Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not

16   suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint

17   allege a plausible claim for relief.  *Id*. at 1950.  A claim is facially plausible when the plaintiff's

18   complaint alleges facts that allows the court to draw a reasonable inference that the defendant is

19   liable for the alleged misconduct. *Id*. at 1949.

20           Where the complaint does not "permit the court to infer more than the mere possibility of

21   misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief."

22   *Id*. (internal quotations and alterations omitted).  When the allegations in a complaint have not

23   crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550

24   U.S. at 570.

25           The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,

26   1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,

27   allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,

28

**James C. Mahan**
**U.S. District Judge**

- 7 -

1    but must contain sufficient allegations of underlying facts to give fair notice and to enable the

2    opposing party to defend itself effectively. Second, the factual allegations that are taken as true must

3    plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to

4    be subjected to the expense of discovery and continued litigation." *Id.*

5            **B.    Discussion**

6            Since the court has severed all plaintiffs except for Assurance from this case, the court must

7    construe the amended complaint in this light.

8            Plaintiff's amended complaint does not specify which of the five plaintiffs insured which of

9    the insureds in which of the underlying matters. Therefore, the court is unable to fully consider

10   whether the amended complaint states a claim as currently pleaded. Because part of the difficulty

11   is due to severing four of the plaintiffs from the case, the court denies defendant's motion to dismiss

12   without prejudice.

13           Assurance will be permitted to file a motion to amend its complaint. The second amended

14   complaint should remove the insureds and underlying matters that are no longer relevant to this case.

15   Further, the court suggests that Assurance consider defendant's Rule 12(b)(6) arguments and address

16   them in its second amended complaint with further factual elaboration.

17   **IV.   Conclusion**

18           Accordingly,

19           IT IS HEREBY, ORDERED, ADJUDGED, AND DECREED that plaintiffs Assurance

20   Company of America, et al.'s counter-motion to remand (doc. # 13) be, and the same hereby, is

21   DENIED.

22           IT IS FURTHER ORDERED that defendant National Fire & Marine Insurance Company's

23   motion to sever plaintiff's complaint (doc. # 8) be, and the same hereby is, GRANTED consistent

24   with the foregoing.

25           IT IS THEREFORE ORDERED that all plaintiffs other than Assurance are severed from this

26   case and dismissed without prejudice to reassert their claims.

27

28

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that defendant National Fire & Marine Insurance Company's motion to dismiss (doc. # 5) be, and the same hereby, is DENIED without prejudice.

IT IS FURTHER ORDERED that Assurance file its motion to amend, attaching the proposed amended complaint, within thirty (30) days of the date of this order.

DATED August 8, 2013.

_____
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 9 -