**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ASSURANCE CO. OF AMERICA,                          2:13-CV-821 JCM (PAL)

        Plaintiff,

v.

NATIONAL FIRE & MARINE INS. CO.,

        Defendant.

**ORDER**

Presently before the court is plaintiff Assurance Company of America's ("Assurance") motion for leave to file an amended complaint.  (Doc. # 27).  Defendant National Fire & Marine Insurance Company has filed a response (doc. # 30), and Assurance has filed a reply (doc. #31).

**I.    Background**[1]

This matter is a suit between insurers arising out of construction defect matters.  Plaintiff and defendant are co-insurers of common insureds and have both issued commercial general liability policies.

Plaintiff alleges that defendant wrongfully denied coverage in each underlying matter based on faulty interpretation of contract language and insurance law.  Plaintiff also alleges that because defendant disclaimed coverage, they have incurred costs in excess of their equitable share in defending and settling the underlying matters.

---

[1]  Although the proposed amended complaint and the briefing regarding it are fairly lengthy, there are few specific facts necessary to the resolution of this motion.  The court addresses only the limited facts required to understand the posture, and defers to its recitation of the remainder as set forth in its August 8, 2013, order.  (Doc. # 25).

James C. Mahan
U.S. District Judge

1    This court entered an order severing Assurance's complaint from the four other plaintiffs',

2    denying defendant's motion to dismiss without prejudice, and allowing Assurance an opportunity

3    to file a motion to amend its complaint addressing only those claims belonging to Assurance.  (Doc.

4    # 25).

5    **II.    Legal Standard**

6    In federal court, leave to amend "shall be freely given when justice so requires."  Fed. R. Civ.

7    P. 15(a).  The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district

8    courts must apply when granting such leave.  In *Foman v. Davis,* 371 U.S. 178 (1962), the Court

9    explained: "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or

10   dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

11   previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

12   futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.*

13   at 182.

14   **III.   Discussion**

15   Assurance seeks leave to file a 125 page amended complaint containing 126 causes of action.

16   Defendant opposes the amendment, arguing that amendment would be futile, and that permitting

17   amendment would unduly prejudice defendant.  Relying on this court's prior order, defendant further

18   argues that the proposed amended complaint fails to plead sufficient facts.

19   With respect to the previous amended complaint and motion to dismiss, this court held in its

20   prior order:

21           Since the court has severed all plaintiffs except for Assurance
             from this case, the court must construe the amended complaint in this
22           light.

23           Plaintiff's amended complaint does not specify which of the
             five plaintiffs insured which of the insureds in which of the
24           underlying matters. Therefore, the court is unable to fully consider
             whether the amended complaint states a claim as currently pleaded.
25           Because part of the difficulty is due to severing four of the plaintiffs
             from the case, the court denies defendant's motion to dismiss without
26           prejudice.

27           Assurance will be permitted to file a motion to amend its
             complaint. The second amended complaint should remove the
28

**James C. Mahan**
**U.S. District Judge**

1
2
3

insureds and the underlying matters that are no longer relevant to this case. Further, the court suggests that Assurance consider defendant's Rule 12(b)(6) arguments and address them in its second amended complaint with further factual elaboration.

4  (August 8, 2013, order, doc. # 25 at p. 8).

5      While it is true the court suggested Assurance consider the defendant's Rule 12(b)(6) motion,

6  which was denied without prejudice, it does not follow that Assurance was required to cure all

7  deficiencies (if there are any) in its amended complaint.

8      It may be that the complaint will not stand up to a renewed motion to dismiss; however, the

9  court cannot make that determination at this juncture. With the liberal leave standard in mind, the

10  court grants the motion for leave to file the amended complaint.

11  **IV.    Conclusion**

12      The court cannot conclude with certainty that leave to amend would be futile. Under the

13  liberal standard of Rule 15, the motion to amend will be granted. The sufficiency of the litany of

14  allegations contained within the amended complaint is a determination more appropriately suited for

15  the motion to dismiss stage.

16      Accordingly,

17      IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for leave

18  to file an amended complaint (doc. # 27) be, and the same hereby is, GRANTED.

19      IT IS FURTHER ORDERED that plaintiff shall file the amended complaint attached as

20  exhibit 1 to doc. # 27 within ten (10) days of the issuance of this order.

21      DATED February 11, 2014.

22

23

24                                    _____
                                      **UNITED STATES DISTRICT JUDGE**

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

                                    - 3 -