UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ASSURANCE COMPANY OF AMERICA,<br><br>          Plaintiff,<br>  v.<br><br>NATIONAL FIRE & MARINE INSURANCE COMPANY,<br><br>          Defendant. | Case No. 2:13-cv-00821-JCM-PAL<br><br>ORDER |

  Before the court is the parties' Joint Status Report (Dkt. #49).  Also before the court is Defendant National Fire & Marine Insurance Company's Motion for Settlement Conference (Dkt. #50).  The court has considered the status report, the motion, Plaintiff's Response (Dkt. #51) and Defendant's Reply (Dkt. #52).

**BACKGROUND**

  After the joint status report was filed Defendant filed a motion for settlement conference. National Fire seeks the court's involvement to facilitate finalization of the Parties global settlement which would result in dismissal of this case and a number of other pending cases. National Fire asks that the court exercises inherent power to control the disposition of cases on its docket by issuing an order setting a settlement conference to help the Parties finalize their contemplated agreement.  National Fire argues that if the settlement conference is successful and a settlement is finalized it will remove several pending cases from this court's docket as well as anticipated law suits between the Parties.

  Plaintiff responds that the Parties reached a settlement of the five cases identified in the Parties' Joint Status Report (Dkt. #49).  Plaintiffs claim that the terms of the settlement are set forth in correspondence attached as Exhibit A to the response.  Efforts to further memorialize the

1 settlement in a release agreement have failed thus far.  Plaintiff claims National Fire has
2 attempted to add new and different terms to the release agreement not included in Exhibit A.
3 Plaintiff intends to file a motion to enforce the settlement, but has no objection to scheduling the
4 settlement conference to avoid further court intervention.  Plaintiff offered to proceed with a
5 private mediation in lieu of a court ordered settlement conference but had not yet received a
6 response from National Fire at the time it filed its response to this motion.  If National Fire
7 rejects private mediation Plaintiff believes it would not be appropriate for Judge Mahan to
8 preside over the settlement conference or any corresponding motion to enforce the settlement
9 because the settlement was reached, in part, because of Judge Mahan's rulings and order in one
10 of the related cases currently on appeal to the Ninth Circuit.  Plaintiff suggests that if the court
11 wishes to schedule a settlement conference it should be scheduled before one of the judges
12 presiding over Assurance Co. of America v. National Fire & Marine Co., 2:10-cv-2182-APG-
13 GWF ("Assurance II") or Maryland Casualty Co. v. National Fire & Marine Co., 2:11-cv-1671-
14 APG-NJK ("Maryland I"); or Northern Insurance Co. of New York v. National Fire & Marine
15 Co., 2:11-cv-1672-PMP-GWF ("Northern I").

16 National Fire replies that is has declined Zurich's invitation to proceed to private
17 meditation and believes that discussions would be more productive with the assistance of the
18 court.  National Fire is hopeful that the undersigned will accommodate its request because I am
19 the only magistrate judge in the district who has previously facilitated settlement  discussion
20 between the parties.  National Fire "sees no substantive basis" for a request for a settlement
21 conference to be passed on to another magistrate judge in a later filed case who has not
22 previously conducted a settlement conference between the Parties.

23 The undersigned conducted a settlement conference in December 2011 in the case
24 currently on appeal to the Ninth Circuit.  For this reason, National Fire requests that the
25 undersigned facilitate settlement conference discussions in this case, presumably because of
26 some familiarity with the issues involved in these related actions.  Zurich does not oppose the
27 settlement conference but suggests it should be conducted by a magistrate judge in one of the
28 other pending cases.  Although Zurich does not  state its reason for wanting a different

1 magistrate judge to conduct the settlement conference, it has affirmatively stated that it does not
2 believe that Judge Mahan should preside over a settlement conference or decide any motion to
3 compel enforcement of the settlement. Both sides seem to be judge shopping.

4 The Plaintiff filed a Notice of Settlement (Dkt. #46) April 23, 2014, indicating that the
5 parties had reached a global settlement and anticipated the settlement would be finalized in forty-
6 five days and a stipulation to dismiss filed. When the parties did not submit a stipulation to
7 dismiss, the court entered an Order (Dkt. #48) giving the parties until June 27, 2014, in which to
8 either file a stipulation for dismissal or a joint status report advising the court of the status of
9 settlement and the anticipated date for filing the stipulation to dismiss.

10 The joint status report indicates that a draft release agreement was circulated by
11 Defendant National Fire June 2, 2014. The Plaintiff believes the release agreement added new
12 and additional terms that were not part of the settlement reached between the parties. Defendant
13 disagrees. Both sides agree that they are continuing to work on resolving their remaining
14 differences. Both sides requested an additional twenty-one days to see if the parties could
15 resolve their disputes. More than 21 days have now passed and the parties have not filed an
16 additional status report. Plaintiff has not filed a motion to enforce the settlement, but has
17 indicated one will be filed if the parties' ongoing discussions did not resolve the matter. Any
18 dispositive motion filed will be decided by the district judge unless he refers it to the
19 undersigned.

20 Having reviewed and considered the matter,

21 **IT IS ORDERED** that the parties shall have until **August 18, 2014**, in which to either
22 file a stipulation for dismissal with prejudice, or an appropriate motion to seek resolution from
23 the court.

24 DATED this 4th day of August, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE